NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 12-602 (CCC) |
| CHIKEZIE ONYENSO | OPINION |
| Defendant. | |

CECCHI, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the motion of non-party Dr. Usha Babaria ("Dr. Babaria") to quash the subpoena issued to JPMorgan Chase ("JP Morgan") by Defendant Dr. Chikezie Onyenso. Defendant has opposed the motion. The Court held oral argument on this matter on June 26, 2013. For the reasons that follow, Dr. Babaria's motion to quash is granted.

## BACKGROUND

The Superseding Indictment in this case charges Defendant with participating in a kickback scheme to defraud the Medicare and Medicaid programs through the receipt of "lease" payments, cash and other remuneration in exchange for the referral of patients to Orange Community MRI for diagnostic tests, from July 2010 through December 2011. (Superseding Indictment, Counts I-III). While Dr. Babaria's husband, Ashokkumar Babaria, pled guilty to an indictment related to the alleged kickback scheme, Dr. Babaria herself is a non-party in this case

and has not been charged with any involvement in the alleged illegal activity.[1] Dr. Babaria has not been called to testify before the Grand Jury in connection with this case, nor has she received a subpoena to testify during Dr. Onyenso's trial. (Decl. of Usha Babaria at ¶¶ 6-7).

Defendant served a subpoena on JPMorgan pursuant to Federal Rule of Criminal Procedure 17(c) seeking certain financial documents pertaining to Dr. Babaria's residence. Specifically, the subpoena seeks "any and all documents including loan or refinancing applications, commitments, approvals, correspondence, deeds, notes, files, proof of income, mortgages, refinances, and other records pertaining to 208 Quakerbridge Court, Moorestown, NJ 08057 … from January 1, 1996 until present." (Decl. of L. Abrams at Exhibit 1, Ex. 1 at 3).[2] In essence, the subpoena seeks all financial documents relating to the financing or refinancing of Dr. Babaria's residence – in which Ashokkumar Babaria has no ownership interest – for a period of seventeen years.

## **LEGAL STANDARD**

The parties agree that the subpoena at issue is governed by Federal Rule of Criminal Procedure 17(c). Rule 17(c) provides, in relevant part, that "[a] subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. Proc. 17(c)(1).

---

[1] Dr. Babaria is the owner of record of Orange Community MRI; however, it appears to be undisputed that she has no involvement in the daily operation of the business. (Decl. of Usha Babaria at ¶ 5).

[2] During oral argument, Defendant offered to limit the time period of the subpoena to five years prior to the formation of Orange MRI. The Court's analysis is unaffected by this modification. Defendant did not offer to otherwise alter the scope of the documents sought.

It is well settled that Rule 17(c) subpoenas may not be used merely as a means for obtaining discovery in criminal cases. United States v. Eisenhart, 43 Fed. Appx. 500, 505 (3d Cir. 2002) (citing United States v. Nixon, 418 U.S. 683, 698 (1974)). Indeed, "[c]ourts must be careful that [a] Rule 17(c) [subpoena] is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980) ("Cuthbertson I"). Accordingly, the requesting party must "show the evidentiary nature of the requested materials with appropriate specificity" and "do more than speculate about the relevancy of the materials being sought." United States v. Shinderman, 232 F.R.D. 147, 150 (D. Maine 2005). (internal citations omitted). The Third Circuit has cautioned that, "although a defendant's subpoena may be motivated only by the venerable principle of 'nothing ventured, nothing gained,' more is needed to sustain a subpoena than the defendant's own subjective belief (i.e. hope) that he or she may find something useful by casting a subpoena upon the waters." Einsenhart, 43 Fed. Appx. at 505 (citing Cuthbertson I, 630 F.2d at 146).

A district court has discretion to determine whether or not a Rule 17(c) subpoena should be quashed. Eisenhart, 43 Fed. Appx. at 505. When examining a Rule 17(c) subpoena, courts are guided by the United States Supreme Court's decision in Nixon. Id. Pursuant to Nixon, a party seeking the production of documents through a Rule 17(c) subpoena must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Nixon, 418 U.S. at 699-700. Thus, the party seeking production must "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." Id. at 700.

The Nixon standard has been routinely applied in this Circuit to Rule 17(c) subpoenas issued to third parties. See Eisenhart, 43 Fed. Appx. at 505; United States v. Cuthbertson, 651 F.2d 189, 192 (3d Cir. 1981) ("Cuthbertson II"); Cuthbertson I, 630 F.2d at 145; United States v. Crews, 2012 U.S. Dist. LEXIS 7009, at *5-6 (E.D. Pa. Jan. 12, 2012); United States v. Messercola, 701 F.Supp. 482, 485 (D.N.J. 1988). Nonetheless, Defendant argues that this Court should look beyond the Supreme Court precedent set forth in Nixon and the Third Circuit cases which expressly apply the Nixon standard. Instead, Defendant asserts that this Court should apply the less stringent standard discussed by a district court in the Southern District of New York in United States v. Nachamie, 91 F.Supp. 2d 552, 563 (S.D.N.Y. 2000). The Nachamie standard, however, has not been adopted by the Third Circuit and, indeed, has been criticized by other courts.[3] See, e.g., United States v. Ferguson, 2007 U.S. Dist. LEXIS 70786, at *11 (D. Conn. Sept. 26, 2007) ("All district courts within this Circuit, including the Nachamie court, have applied Nixon to assess the validity of 17(c) subpoenas issued to third parties."). As Defendant has not come forward with Third Circuit caselaw to support his position that Nachamie has in some way overruled the application of Nixon and its progeny to Rule 17(c) subpoenas, the Court will analyze the subpoena at issue using the traditional law of this Circuit, as initially set forth by the United States Supreme Court in Nixon.

---

[3] Moreover, even the Nachamie court acknowledged that Nixon may apply to a motion to quash a Rule 17(c) subpoena. Although the subpoenas at issue were analyzed under the proposed alternative test, the court ultimately ruled on the subpoenas using the traditional Nixon standard. See Nachamie, 91 F.Supp. 2d at 563.

4

## ANALYSIS

With the <u>Nixon</u> framework in mind, the Court finds that Defendant has not come forward with a sufficient proffer of how the requested mortgage records are relevant, admissible or specific. As an initial matter, Defendant has not come forth with a sufficient showing of relevance. Defendant merely speculates that Dr. Babaria's home financing records *may* reveal material that *could* be used to impeach her husband Ashokkumar Babaria regarding *his* income or financial background. Defendant has not directed the Court to any support for this speculation, but rather, simply asserts that he may uncover some impeachment material or otherwise relevant information regarding Ashokkumar Babaria. However, in this Circuit, a greater showing is required than a Defendant's hope that he may find useful information. See <u>Einsenhart</u>, 43 Fed. Appx. at 505. Further, it is clear that Rule 17(c) subpoenas may not be used to uncover materials sought solely for impeachment purposes. <u>Nixon</u>, 418 U.S. at 701; see also <u>Nachamie</u>, 91 F.Supp. 2d at 564 ("These materials, if they exist, may contain privileged work product and may constitute impeachment material rather than evidence. Such materials should not be produced in advance of witnesses' testimony unless it includes Brady material.") (internal citations omitted); <u>Cuthbertson II</u>, 651 F.2d at 192 (stating that impeachment statements are not subject to production and inspection prior to trial). At this time, neither Dr. Babaria nor Ashokkumar Babaria have received a subpoena to testify at trial, rendering Defendant's subpoena of documents in the "mere hope" that he may find potential impeachment material even more tenuous. See <u>Cuthbertson I</u>, 630 F.2d at 146.

Aside from his speculative assertion that the subpoena may reveal potential impeachment material for Ashokkumar Babaria, Defendant has not demonstrated any other relevant use of the broad range of financial documents sought by the subpoena. According to Dr. Babaria, the bulk

of the records predate the time period relevant to the Indictment by several years, encompass a wide range of her home-financing records, and have no connection to Defendant's interactions with Ashokkumar Babaria. Defendant has not shown how Dr. Babaria's private home financing records bear on the allegations against him or the elements of the crime with which he is charged.[4]

As noted by the Court, Dr. Babaria is not implicated in Defendant's Superseding Indictment and, at this time, has not been called to testify either before the Grand Jury or in the upcoming trial in this case. Accordingly, the Court finds that Defendant's expansive document request, purportedly sought on the hope that it may uncover impeachment or other material regarding Dr. Babaria's husband, does not meet the relevance -- and specificity -- requirements of Nixon. Likewise, given that Defendant has not made an adequate proffer as to the relevance of the requested material, Defendant has not demonstrated that the requested documents would be admissible at trial. As Defendant has not satisfied his burden under Nixon, the Court will uphold Dr. Babaria's asserted privacy interest in her personal finance records.[5]

---

[4] At oral argument, Defendant raised an additional theory that the subpoena may uncover material relevant to the financial transactions of Orange MRI. However, like the argument raised in Defendant's papers, Defendant has not directed the Court to any support for his speculation that Dr. Babaria's home financing records contain information regarding financial irregularities at Orange MRI, nor has he demonstrated with adequate particularity how such information would relate to the charges in the Superseding Indictment. Such information is not properly sought through a Rule 17(c) subpoena. See Ferguson, 2007 U.S. Dist. LEXIS 70786, *10-11 (finding that a subpoena seeking to "possibly uncover additional defense witnesses or evidence that could, in turn, lead to exculpatory evidence" was "not obtainable through a [Rule] 17(c) subpoena under Nixon).

[5] Even under the less stringent standard set forth in Nachamie, which allows for quashing a subpoena "if compliance would be unreasonable or oppressive," the Court would still find that the subpoena at issue is inappropriate. Defendant's broad request for the financial documents of non-party Dr. Babaria, unaccompanied by a sufficient proffer as to the relevance or admissibility of such documents, is unreasonable.

## **CONCLUSION**

For the reasons set forth above, non-party Dr. Babaria's motion to quash is granted. An appropriate Order accompanies this Opinion.

CLAIRE C. CECCHI, U.S.D.J.

DATED: September 20, 2013